# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| TIMOTHY WADE RICKARD and THOMAS DUANE RICKARD, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ROBERT J. VIDAL and MORRISTOWN DRIVER'S SERVICE, INC., )<br>)<br>Defendants. ) | Case Number: 4:12-cv-03867-KOB |

### MEMORANDUM OPINION AND ORDER

On September 11, 2015, Defendants Robert J. Vidal ("Vidal") and Morristown Driver's Service, Inc. ("MDS") (collectively, "Defendants") moved for partial summary judgment on Plaintiffs' complaint to the extent it alleges wantonness, vicarious liability on the wantonness claim, and breaches of contract and warranty. (Doc. 25). Plaintiffs Timothy Wade Rickard and Thomas Duane Rickard (collectively, "the Rickards" or "Plaintiffs") did not file a response in opposition. For the reasons stated below, the motion for partial summary judgment is **GRANTED**.

### I. Standard of Review

The Eleventh Circuit has held, "[w]here 'the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party.' Thus, summary judgment, even when unopposed, can only be entered 'when appropriate.'" *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004) (quoting FED. R. CIV. P. 56). Pursuant to FED. R. CIV. P. 56, summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party bears the burden entitled to judgment as a matter of law." FED. R. CIV. P. 56. The moving party bears the burden of showing no genuine issue of

material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The making of credibility determinations, the weighing of evidence, and the drawing of inferences from fact are left to the jury, and, therefore, the court should accept evidence favoring the non-moving party and draw all justifiable inferences in his favor. *See id.* at 255. Nevertheless, the non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) (citing *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988)).

## II. Background

On September 30, 2010, Defendant Vidal was driving a Volvo semi-truck tractor and towing a trailer for Defendant MDS from Albertville, Alabama, toward Atlanta, Georgia, along U.S. Highway 431. (Doc. 25-1 at 6-7, 24-25). While crossing the intersection at Denson Avenue in Boaz, Alabama, he collided with the Rickards' Chevrolet Malibu. (*Id.* at 6-7, 15). The Rickards had stopped at the stoplight at intersection of U.S. Highway 431 and Denson Avenue and assert that their light had turned green and that Vidal ran the traffic light. (*Id.* at 7, 10, 16). Although Defendants contend this last fact is disputed, they set it out, for purposes of summary judgment, in the light most favorable to the Rickards. (Doc. 25 at 8 n.1).

## III. Analysis

Plaintiffs' complaint alleges Vidal was wantonly operating the MDS vehicle at the time of the accident and that Vidal and MDS, under the doctrine of respondeat superior, are liable for that

wanton conduct.  (Doc. 1 at 1-2).  While stating the count against MDS, the complaint also briefly mentions breach of contract and breach of warranty.  (*Id.* at 2).  Defendants contend Plaintiffs cannot show wantonness under Alabama law and, with no contract between Plaintiffs and Defendants, cannot prove either breach of contract or breach of warranty.

### A. Wantonness

Alabama law defines wantonness as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others," Ala. Code § 6-11-20(b)(3).  The Alabama Supreme Court has described wantonness "as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result," *Bozeman v. Central Bank of the South*, 646 So. 2d 601, 603 (Ala. 1994).  Wantonness requires more than knowingly doing something unadvisable, such as attempting to "beat the traffic," but requires a "consciousness, awareness, or perception that *injury was likely to*, or *would probably, result*." *Ex parte Essary*, 992 So. 2d 5, 12 (Ala. 2007).  Moreover, "[t]here is a rebuttable presumption recognized by the law that every person in possession of his normal faculties in a situation known to be dangerous to himself, will give heed to instincts of safety and self-preservation to exercise ordinary care for his own personal protection." *Id.*

Defendants contend no evidence exists of any reckless or conscious disregard of the safety of others on Vidal's part and, at best, the evidence supports only a claim for negligence.  (Doc. 25 at 14).  Plaintiffs do not dispute these contentions.  Based on the evidence before the court, it finds no evidence of such conscious or intentional act sufficient to support a claim for wantonness.

Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiffs' wantonness claims.[1]

### B. Breach of Contract and Warranty

Under Alabama law, both breach of contract and breach of warranty require proof of the existence of a contract. *See S. Med. Health Sys., Inc. v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995) (stating the first element of an ordinary breach-of-contract claim as "the existence of a valid contract binding the parties in the action"); *Geohagan v. Gen. Motors Corp.*, 279 So. 2d 436, 438 (Ala. 1973) (holding a warranty is a contract and, therefore, the first question in a claim for breach of warranty is whether there was a contract of warranty). The Plaintiffs have not alleged that a contract existed between the Plaintiffs and Defendants, (*see* doc. 1), and the evidence before the court supports Defendants' contention that the only interaction between the Plaintiffs and Defendants occurred the day of the accident. Plaintiffs do not dispute these contentions. Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiffs' breach of contract and warranty claims to the extent the complaint asserts them.

### IV. Conclusion

Based on the foregoing, the court ORDERS that Defendants' motion for partial summary judgment, (doc. 25), is **GRANTED**, and Plaintiffs' claims are dismissed to the extent they allege claims of wantonness, vicarious liability for wantonness, and breaches of contract and warranty. Plaintiffs' claims of negligence and vicarious liability for negligence remain pending.

---

[1] Under the doctrine of respondeat superior, "[i]f the agent is not liable for any tort, the principal is also absolved." *Latham v. Redding*, 628 So. 2d 490, 495 (Ala. 1993).

DONE and ORDERED this 7th day of December, 2015.

                                                KARON OWEN BOWDRE
                                      CHIEF UNITED STATES DISTRICT JUDGE